¶ 1 I concur with the majority's outcome in the fourth assignment of error regarding the "Drive Other Car Coverage — Broadened Coverage for Named Individuals" endorsement, but write separately to explain my position. Said endorsement added an individual as a named insured, namely "Tamara Jeter." See, Supplemental Declarations/Form No. 8-S-1018, and Endorsement No. CA 99 10 12 93, attached to Appellees' Brief as Exhibit C. Section C of the endorsement added the following to "Who Is An Insured" under uninsured/underinsured motorists coverage:
 {¶ 2} "Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except:
 {¶ 3} "Any `auto' owned by that individual or by any `family member'."
 {¶ 4} According to this definition, underinsured motorists coverage is broadened to include James Fish and Lori Michalec and any resident family members except for when occupying any vehicle they own. It is undisputed the motorcycle involved in the accident was owned by "Nancy Walker-Douglas." See, Ohio Traffic Crash Report, attached to Affidavit of Thomas A. Burns as Exhibit 1. Because the motorcycle was not owned by James Fish, Lori Michalec or any resident family member, the exclusion in the endorsement does not apply and they are insureds under the policy.
 {¶ 5} This opinion is consistent with my opinion in Griffith v.Buckeye Union Ins. Co., Stark App. No. 2001CA00410, 2003-Ohio-3799.